# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KEVIN D. LOGGINS, and**
**ELIZABETH M. WILSON,**

      **Plaintiffs,**

      v.                                                                               **CASE NO. 18-3016-SAC**

**JOSEPH NORWOOD, et al.,**

      **Defendants.**

## ORDER

Plaintiffs bring this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs have paid the filing fee. This matter is before the Court on Plaintiffs' Motion to Amend (Doc. 6). Plaintiffs seek leave to file an amended complaint to add claims and a defendant. Plaintiffs are entitled to amend their complaint. *See* Fed. R. Civ. P. 15(a)(1) (a party has the right to amend the complaint once as a matter of course if the amendment is timely filed). However, Plaintiffs have failed to submit their proposed amended complaint with their motion. *See* D. Kan. Rule 15.1(a)(2) (party filing a motion to amend must attach the proposed pleading).

The Court will give Plaintiffs the opportunity to file a complete and proper amended complaint upon court-approved forms. In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a

plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiffs must write the number of this case (18-3016-SAC) at the top of the first page of their amended complaint.

Plaintiffs must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiffs should also refer to each defendant again in the body of the complaint, where they must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.

Plaintiffs must also follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint. FRCP Rule 20 governs permissive joinder of parties and pertinently provides:

> (2) ***Defendants***. Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

2

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any amended complaint, Plaintiffs should set forth the transaction(s) or occurrence(s) which they intend to pursue in accordance with Rules 18 and 20, and limit their facts and allegations to properly-joined defendants and occurrences. Plaintiffs must allege facts in their complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

Plaintiffs are given time to file a complete and proper amended complaint in which they (1) show they have exhausted administrative remedies for all claims alleged; (2) raise only

3

properly joined claims and defendants; (3) allege sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) allege sufficient facts to show personal participation by each named defendant.

If Plaintiffs fail to file an amended complaint within the prescribed time, this matter will be decided based upon the current Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Amend Complaint (Doc. 6) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiffs are granted until **May 25, 2018**, in which to file a complete and proper amended complaint.

The clerk is directed to send § 1983 forms and instructions to Plaintiffs.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 25th day of April, 2018.**

> **S/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**