**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KEVIN D. LOGGINS, and**
**ELIZABETH M. WILSON,**

      **Plaintiffs,**

      **v.**                          **CASE NO. 18-3016-SAC**

**JOSEPH NORWOOD, et al.,**

      **Defendants.**

<u>**ORDER**</u>

Plaintiffs Kevin D. Loggins and Elizabeth M. Wilson, bring this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on the Motion to Consolidate (Doc. 16) and Notice of Voluntary Dismissal (Doc. 17) filed by Plaintiff Kevin D. Loggins.

Plaintiff Loggins seeks to voluntarily dismiss the claims regarding the recognition of his marital status to Plaintiff Wilson and interference with spousal communication with Plaintiff Wilson. Plaintiff Loggins alleges that he has discovered that his marriage to Plaintiff Wilson is not valid. Because Plaintiff Wilson has failed to sign the Notice of Voluntary Dismissal, the Court will grant her fourteen days to show cause why these claims should not be dismissed and why she should not be dismissed as a plaintiff in this case. The KDOC is not required to address the marriage/spousal communication issue in the *Martinez* report ordered at Doc. 11.

Plaintiff Loggins seeks to consolidate the remaining issues in this case with Case No. 18-3254-DDC. Plaintiff also alleges that the undersigned should recuse from the instant case because he is a named defendant in Case No. 18-3254-DDC. *See* Doc. 17, at 2. Rule 42 provides that the Court may order consolidation if actions involve a common question of law or fact. Fed. R. Civ. P. 42(a). The decision whether to consolidate such actions is left to the sound discretion of the trial court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

The Court finds that consolidation is not warranted at this time. Case No. 18-3254 appears to deal with Plaintiff's underlying criminal case, while the instant case deals with Plaintiff's allegation that he was labeled as a sex offender and denied association with minor family members pursuant to a new KDOC policy without due process. The Court has ordered a *Martinez* report in the instant case, and the case has not survived screening. The Court finds that consolidation is premature at this time. Furthermore, Plaintiff has not filed a proper motion for recusal in this case, nor has he set forth any valid reasons why the undersigned should recuse. Any request for recusal is denied. The Court denies the motion to consolidate without prejudice to Plaintiff refiling the motion if this case survives screening.

**IT IS THEREFORE ORDERED BY THE COURT that** Plaintiff Elizabeth Wilson should show cause by **November 28, 2018**, why she should not be dismissed as a plaintiff and why the claims regarding the recognition of her marital status to Plaintiff Loggins and interference with spousal communication should not be voluntarily dismissed as set forth in the Notice of Voluntary Dismissal at Doc. 17.

**IT IS FURTHER ORDERED** that the KDOC is not required to address the marriage/spousal communication issue in the *Martinez* report ordered at Doc. 11.

**IT IS FURTHER ORDERED** that any request for the undersigned to recuse is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Consolidate (Doc. 16) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 14th day of November, 2018.**

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**