# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KEVIN D. LOGGINS, SR.,**

    **Plaintiff,**

    v.                              **CASE NO. 18-3016-SAC**

**JOSEPH NORWOOD, et al.,**

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's Motion to Change Venue (Doc. 28), Plaintiff's Motion to Impeach the Judgment of Conviction for the Charge of Aggravated Sexual Battery in Case No. 95CR1859 (Doc. 29), Plaintiff's Motion to Consolidate (Doc. 30), and Defendants' Motion for Extension of Time (Doc. 32).

On March 4, 2019, Defendants Joseph Norwood, Shannon Meyer and Dan Schnurr filed their motion for extension of time, seeking a 30-day extension of time to answer or otherwise respond to Plaintiff's Complaint. Defendants have previously received a clerk's 14-day extension of time, extending the deadline to March 4, 2019. Defendants state that an extension is needed due to delays in the receipt of necessary documents for the filing of a response. Plaintiff has filed an Objection (Doc. 33), arguing that Defendants did not comply with the March 4, 2019 deadline to file their answer. Plaintiff asks the Court to deny the extension of time and to enter a default judgment.

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension

expires." Fed. R. Civ. P. 6(b)(1)(A). Defendants filed their motion on March 4, 2019, before the deadline expired. The Court finds that the extension should be granted for good cause shown, and a default judgment is not warranted.

Plaintiff has filed a "Motion for Change of Venue" (Doc. 28) asking the Court to transfer this case to the Wichita division to make transportation of Plaintiff from the prison to court less burdensome. The Court denies the motion without prejudice as premature. If Plaintiff's case survives dispositive motions he may refile his request.

Plaintiff has also filed a "Motion to Impeach the Judgment of Conviction for the Charge of Aggravated Sexual Battery in Case No. 95CR1859" (Doc. 29). Plaintiff argues that the judgment in his state criminal case in Sedgwick County District Court is void and a "legal nullity" because it was rendered without subject matter jurisdiction "and in contradiction to the due process of law clause of the 14th Amendment of the U.S.C.A." To the extent Plaintiff seeks release from imprisonment, such a challenge must be brought in a habeas action.

"[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he

presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim seeking release from imprisonment is not cognizable in a § 1983 action.

The Court notes that Plaintiff has previously attempted to bring similar claims regarding his state court Case No. 95cr1859 in a habeas petition before this Court. In *Loggins v. Kansas Dep't of Corr.,* the Court found that the action was an attempt by Plaintiff to file a successive federal habeas corpus petition. Case No. 11-3106-SAC, Doc. 3 (D. Kan. June 22, 2011) (citing *Gray v. Mullin*, 171 F. App'x 741, 743, 745 n. 1 (10th Cir. 2006), *cert. denied* 549 U.S. 905 (2006)). The Court took judicial notice of *Loggins v. Hannigan*, Case No. 99-3102-DES, a prior § 2254 habeas corpus petition filed by Plaintiff in 1999, challenging his convictions in Case No. 95cr1859. The Court noted:

> That first federal petition was denied on the merits on September 11, 2001. In addition, petitioner filed a Motion for Reconsideration of the denial of his first habeas petition, and that motion was denied on October 5, 2001. He appealed to the Tenth Circuit Court of Appeals, which denied a certificate of appealability and dismissed the appeal. In his motion for reconsideration, Mr. Loggins sought a stay while he exhausted additional arguments in state court. However, the district court found, and the Tenth Circuit cited its finding, that "any issues petitioner seeks to exhaust are already foreclosed as untimely under 28 U.S.C. § 2244(d)(1), and petitioner cannot possibly show that he exercised due diligence in raising his claims." The court finds that the instant application is a second and successive petition. *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001), *cert. denied*, 535 U.S. 973 (2002).

*Loggins v. Kansas Dep't of Corr.,* Case No. 11-3106-SAC, Doc. 3, at 2–3 (D. Kan. June 22, 2011). The Court also noted that Plaintiff must obtain authorization from the appropriate court of appeals before filing a second or successive petition for writ of habeas corpus. *Id*. at 3; *see also Loggins v. Kansas Supreme Court*, Case No. 10-3060-RDR, Doc. 3, at 2 (D. Kan. April 14, 2010) (finding

that plaintiff's challenge to his 1996 state court convictions of Aggravated Kidnaping and Aggravated Sexual Battery are not properly brought in a petition for writ of mandamus and petition is an improper attempt to file a second and successive habeas petition). Plaintiff's request to set aside his criminal conviction is not cognizable in this § 1983 action and Plaintiff's motion is denied.

Plaintiff filed a Motion to Consolidate (Doc. 30), asking the Court to consolidate this case with Case No. 18-3254. The Court previously denied Plaintiff's motion to consolidate at Doc. 16. For the same reasons set forth in the order denying his previous motion to consolidate, the Court denies his current request. *See* Order at Doc. 19.

**IT IS THEREFORE ORDERED BY THE COURT that** Defendants' Motion for Extension of Time (Doc. 32) is **granted.**

**IT IS FURTHER ORDERED that** Defendants Joseph Norwood, Shannon Meyer and Dan Schnurr shall answer or otherwise respond to Plaintiff's Complaint by **April 3, 2019.**

**IT IS FURTHER ORDERED that** Plaintiff's Motion to Change Venue (Doc. 28) is **denied without prejudice.**

**IT IS FURTHER ORDERED that** Plaintiff's Motion to Impeach the Judgment of Conviction for the Charge of Aggravated Sexual Battery in Case No. 95CR1859 (Doc. 29) is **denied.**

**IT IS FURTHER ORDERED that** Plaintiff's Motion to Consolidate (Doc. 30) is **denied.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 6th day of March, 2019.**

s/ Sam A. Crow
SAM A. CROW
U. S. Senior District Judge