# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KEVIN D. LOGGINS, SR.,

      **Plaintiff,**

v.

JOSEPH NORWOOD, et al.,

      **Defendants.**

Case No. 18-3016-DDC-KGG

## MEMORANDUM AND ORDER

This matter comes before the court on several of pro se plaintiff[1] Kevin D. Loggins, Sr.'s motions: Motion to Recuse Judge Samuel A. Crow (Doc. 38); Motion for Reconsideration (Doc. 41); Motion for Correction of Judicial Notice and Request for Leave (Doc. 58); and Motion Seeking Joinder to Add Defendant (Doc. 59). Defendants Joseph Norwood, Dan Schnurr, and Shannon Meyer[2] have filed a Motion to Dismiss, or alternatively, a Motion for Summary

---

[1]     Because plaintiff proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiff or search the record. *Id.*

[2]     Mr. Norwood served as the Secretary of the Kansas Department of Corrections ("KDOC") when plaintiff filed his Complaint. Doc. 5 at 1; Doc. 44 at 2. Mr. Schnurr serves as the Warden at the Hutchinson Correctional Facility. Doc. 5 at 2; Doc. 44 at 2. And Ms. Meyer serves as the Warden at Topeka Correctional Facility. Doc. 5 at 3; Doc. 44 at 2.

Plaintiff also has sued "Doe Defendants." Doc. 1 at 1. But plaintiff's Complaint never alleges anything about these defendants. While a plaintiff initially may sue unknown defendants by naming them as "John Doe," that permission does not last forever. "The Federal Rules of Civil Procedure [do] not permit such actions against unnamed defendants following a suitable length of time for the plaintiff to identify the John Does." *Culp v. Williams*, 456 F. App'x 718, 720 (10th Cir. 2012). Plaintiff filed this lawsuit on January 25, 2018, and he never has identified the Doe defendants, or alleged any facts capable of supporting a claim against them, whoever they are. The court thus dismisses any claims against them.

Judgment (Doc. 43) and a Motion to Stay Discovery (Doc. 45). For reasons explained below, the court grants defendants' Motion to Dismiss (Doc. 43) and denies all other pending motions (Docs. 38, 41, 45, 58, & 59).

## I.    Procedural Background

On February 5, 2018, plaintiff—a prisoner in custody of the Kansas Department of Corrections ("KDOC")—filed a Complaint under 42 U.S.C. § 1983.[3] Doc. 5. Count I of the Complaint asserts that defendant Norwood violated plaintiff's constitutional rights when the Director of Reentry denied plaintiff's request to discontinue managing him as a sex offender. *Id.* at 5–6. For relief, plaintiff seeks "to be removed from being housed as a sex offender, released of the requirement to participate in the sex offender treatment program, . . . be removed from the KDOC Kasper web page as a sex offender . . . [and] that $150,000 be awarded for every year said slander and defamation [have] been posted." *Id.* at 8.

On January 24, 2019, plaintiff filed a "Motion to Impeach the Judg[]ment of Conviction for the Charge of Aggravated Sexual Battery in Case No. 95CR1859" (Doc. 29). On March 6, 2019, Judge Crow denied plaintiff's motion. Doc. 34 at 2–4. Judge Crow's Order denied plaintiff's request to set aside his criminal conviction because "any claim seeking release from imprisonment is not cognizable in a § 1983 action." *Id.* at 2–3 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)). Also, the Order granted defendants' request for an extension of time to respond to plaintiff's Complaint (Doc. 32) and denied plaintiff's Motion to Change Venue (Doc. 28) and Motion to Consolidate (Doc. 30). *See generally* Doc. 34.

---

[3]    The Complaint asserted plaintiff's claims in two counts. Plaintiff voluntarily has dismissed Count II. Docs. 17 & 20. Count II asserted that defendants had violated plaintiff's civil rights by failing to acknowledge his marriage and denying him communication with his spouse. Doc. 5 at 5.

On March 13, 2019, plaintiff filed a "Motion to Recuse U.S. Senior District Judge Sam A. Crow" (Doc. 38). On March 19, 2019, the case was reassigned to the undersigned judicial officer.[4] Doc. 40. On March 27, 2019, plaintiff filed a Motion for Reconsideration of Judge Crow's Order (Doc. 41). Defendants then filed a Motion to Dismiss, or alternatively, for Summary Judgment (Doc. 43). Consistent with D. Kan. Rule 56.1(f), defendants sent plaintiff a "Notice to Pro Se Litigant Who Opposes a Summary Judgment Motion" (Doc. 46). This notice advised plaintiff that he "may not oppose summary judgment simply by relying upon the allegations in [his] complaint. Rather, [he] must submit evidence, such as witness statements or documents, countering the facts asserted by the defendants and raising specific facts that support [his] claim." *Id.* at 1. Also, consistent with our local rules, defendants attached to their Notice the full text of the rules governing summary judgment: Fed. R. Civ. P. 56 and D. Kan. Rule 56.1. *Id.* at 3–5. Plaintiff never responded to defendants' motion.

Defendants also have filed a Motion to Stay Discovery (Doc. 45) pending the court's ruling on its Motion to Dismiss. In response, plaintiff has filed a "Motion for Correction of Judicial Notice and Request for Leave for 30 Days to Respond to Defendants['] Reply in Support of Motion to Stay" (Doc. 58). And, finally, on December 18, 2019, plaintiff filed a "Motion Seeking Joinder to Add Defendant Pursuant to 42 U.S.C. § 1983 for Retali[a]tory Practices" (Doc. 59).

The court first considers plaintiff's Motion for Reconsideration (Doc. 41), and then his Motion Seeking Joinder to Add Defendant (Doc. 59). Finally, the court considers defendants' Motion to Dismiss, or alternatively, Motion for Summary Judgment (Doc. 43).

---

[4] Since Judge Crow has recused himself from plaintiff's case, the court denies as moot plaintiff's Motion to Recuse (Doc. 38).

## II.  Plaintiff's Motion for Correction of Judicial Notice and Request for Leave for 30 Days to Respond to Defendants['] Reply in Support of Motion to Stay (Doc. 58)

On May 14, 2019, plaintiff requested that the court take judicial notice that his Aggravated Sexual Battery conviction "is a legal nullity and stems from a void judgment."  Doc. 55 at 1.  Plaintiff filed a copy of the Preliminary Examination transcript (Doc. 55-1), which he asserts is evidence of the trial judge's "personal interest in the case and bias."  Doc. 55 at 1.  On May 21, 2019, plaintiff filed a Motion for Correction of Judicial Notice (Doc. 58).[5]  Plaintiff explained that he believed the Preliminary Examination transcript had not been "transmitted or filed by the facility officials," so he refiled it with his Motion for Correction of Judicial Notice (Doc. 58).  The transcript, however, was filed with plaintiff's first motion, so plaintiff's request for a "correction" was unnecessary.  In any event, the court denies plaintiff's motion and declines to take judicial notice that plaintiff's state court conviction is void for two reasons.

First, the court lacks jurisdiction to invalidate plaintiff's state court conviction.  *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . ."); *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1125 (10th Cir. 1999) (federal

---

[5]    In the same motion, plaintiff asked for "Leave for 30 Days to Respond to Defendants['] Reply in Support of Motion to Stay" (Doc. 58).  Defendants had filed a Motion to Stay Discovery (Doc. 45) on April 3, 2019.  Plaintiff responded (Doc. 54), and defendants filed a Reply (Doc. 56).  Plaintiff's current motion asks for an extension of time to file a second response (Doc. 58).  Under D. Kan. Rule 7.1(c), briefing is limited to the motion (with memorandum in support), a response, and a reply.  Surreplies typically are not allowed.  *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004), *aff'd on other grounds*, 189 F. App'x. 752 (10th Cir. 2006).  Plaintiff has provided no reason that a surreply is appropriate here.  And, any surreply from plaintiff would have no effect, because the court denies as moot defendants' Motion to Stay Discovery (Doc. 45).  The court thus denies plaintiff's request for an extension of time to file a second reply (Doc. 58).

civil rights lawsuit allowed to proceed to the extent it does not challenge the lawfulness of his arrest and conviction).

Second, Fed. R. Evid. 201 only allows judicial notice of a fact when it "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The "fact" that plaintiff nominates for judicial notice in his motion doesn't meet this standard. Defendants dispute plaintiff's allegation (Doc. 57 at 2), and it is not the kind of fact eligible for judicial notice under Fed. R. Evid. 201. *See, e.g.*, *Meredith v. Beech Aircraft Corp.*, 18 F.3d 890, 895 (10th Cir. 1994) (holding that judicial notice would be improper because fact that a candidate is most qualified for position is a disputed fact that must be established through the presentation of evidence, and was not a "universal truth"). The court thus denies plaintiff's motion (Doc. 58).

### III.    Plaintiff's Motion for Reconsideration (Doc. 41)

On March 6, 2019, Judge Samuel A. Crow denied plaintiff's "Motion to Impeach the Judgment of Conviction for the Charge of Aggravated Sexual Battery in Case No. 95CR1859" (Doc. 29). Judge Crow denied plaintiff's motion because, when the "legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement." Doc. 34 at 2 (citing *Heck*, 512 U.S. at 482). On March 19, 2019, Judge Crow recused and the case was reassigned to the undersigned judicial officer. Doc. 40. On March 27, 2019, plaintiff filed a Motion for Reconsideration (Doc. 41).[6]

---

[6]    Under D. Kan. Rule 7.3(b), parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time for filing such a motion. Plaintiff didn't file a timely motion, and the court never extended the time. Plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See*

Plaintiff's motion argues that the court should reconsider Judge Crow's Order because it was decided by a judge who "has a personal interest in the case and who[ ] resigned himself due to his interest in the case." Doc. 41 at 1.

Under D. Kan. Rule 7.3(b), a motion to reconsider "must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." "A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992) (citations omitted). But, a disappointed litigant may not use reconsideration to revisit issues already addressed or assert new arguments or supporting facts that were available for presentation when the court originally decided the question. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). A court has considerable discretion when deciding a motion to reconsider. *Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988); *Shannon v. Pac. Rail Servs.*, 70 F. Supp. 2d 1243, 1251 (D. Kan. 1999) (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

Plaintiff here has cited no intervening change in law and he has presented no new evidence. He also has failed to show any need to correct clear error or prevent manifest injustice. His unsubstantiated claim of "manifest injustice"—claiming in conclusory fashion about a bias against him—does not meet this standard. Doc. 41 at 1. Plaintiff failed to establish any grounds warranting reconsideration under D. Kan. Rule 7.3(b). And, a motion for reconsideration is not a vehicle "to revisit issues already addressed." *Servants of Paraclete v.*

---

*Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). But, exercising its discretion, the court has decided to accept plaintiff's motion and decide it on the merits.

*Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Exercising its discretion, the court denies

plaintiff's Motion for Reconsideration (Doc. 41) for all these reasons.

### IV. Plaintiff's Motion Seeking Joinder to Add Defendant (Doc. 59)

On December 18, 2019, plaintiff filed a "Motion Seeking Joinder to Add Defendant to

Suit Pursuant to 42 U.S.C. § 1983 for Retali[a]tory Practices" (Doc. 59). Plaintiff seeks to add

Patricia Keen—the "mailroom official/supervisor" at HCF—as a defendant in his lawsuit. Doc.

59 at 2. Plaintiff alleges that Ms. Keen has retaliated against him for filing this § 1983 action by

failing to send and deliver his legal mail while in custody at HCF. *Id.* at 2–4. He alleges that

Ms. Keen's conduct in the mailroom resulted in the Tenth Circuit dismissing one of his appeals.

*Id.* at 4. Also, plaintiff claims that defendants have violated his "constitutional right to freedom

of religion." *Id.* at 1. For reasons explained below, the court denies plaintiff's motion to add a

retaliation claim.

#### A. Amendment under Rule 15

The court construes plaintiff's motion as a motion to amend his Complaint under Fed. R.

Civ. P. 15. Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleadings in

one of two ways: (A) first, as a matter of course within 21 days after serving the pleading to be

amended, or (B) second, within 21 days of service of a responsive pleading. Fed. R. Civ. P.

15(a)(1)(A)–(B). Outside those periods, any amendment to the pleadings requires leave, and

courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2);

*Foman v. Davis*, 371 U.S. 178, 182 (1962). In contrast, a court should refuse to grant leave to

amend on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory

motive, failure to cure deficiencies . . . , or futility of amendment." *Bylin v. Billings*, 568 F.3d

1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Plaintiff filed his motion well after the 21-day limit in Fed. R. Civ. P. 15(a)(1). So, plaintiff may amend his Complaint only if the court grants him leave. The court declines to grant leave because the retaliation claim he aspires to assert against Ms. Keen is futile. "[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (citations omitted). The Tenth Circuit has held:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

But, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted). Thus, to state a claim on this theory, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990). "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (first citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990), then citing *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).

Plaintiff's proposed § 1983 claim fails to state a claim for retaliation.  He makes, at best, a bald assertion that Ms. Keen mishandled his mail in September, 2019; he asserts also that she did so as retaliation for a lawsuit plaintiff had filed 20 months earlier against different KDOC employees.  But plaintiff alleges no facts capable of supporting a claim that Ms. Keen acted with an illegal retaliatory motive.  Also, he fails to allege any facts supporting his claim that Ms. Keen or any other defendant violated his right to religious freedom.  The court denies plaintiff's motion for leave to amend because the claim he seeks leave to amend fails to state a claim.  The proposed amended Complaint is an exercise in futility.

## B.  Joinder Under Rules 18 and 20

To the extent plaintiff's motion seeks to add an unrelated claim against a new defendant alleging blocked access to the courts—and it appears that is the gist of his motion to add Ms. Keen as a defendant—joinder is not warranted under Fed. R. Civ. P. 18 and 20.  Rule 20 governs permissive joinder of parties.  It provides:

> (2) *Defendants*.  Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and provides:  "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While the Rules of Civil Procedure generally encourage joinder in the name of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."  *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Seventh Circuit held in *George v. Smith* that, under "the controlling principle" in Rule 18(a), "[u]nrelated claims against

different defendants belong in different suits." 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence to the joinder rules is especially important in prisoner suits. It prevents "the sort of morass [that a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from dodging the fee obligations and three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, Rule 18(a) permits plaintiff to bring multiple claims against a single defendant. And, under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and who share a common issue of law or fact. But, he may not bring multiple claims against multiple defendants unless he satisfies the nexus prescribed by Rule 20(a)(2) for all defendants. Plaintiff's motion here fails that standard.

Plaintiff has failed to establish that Ms. Keen was involved in the same "transaction or occurrence" as the claims asserted against existing defendants. Nor has he alleged any common question of law or fact. Joinder is not warranted under Fed. R. Civ. P. 18 and 20, and so, the court denies plaintiff's motion (Doc. 59) to add Ms. Keen as a defendant in this lawsuit.

## V. Defendants' Motion to Dismiss, or alternatively, for Summary Judgment (Doc. 43)

Defendants have moved to dismiss plaintiff's existing Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Doc. 43. To the extent the court does not dismiss plaintiff's claims under Rule 12, defendants alternatively move for summary judgment. *Id.* For the reasons explained below, the court grants defendants' motion to dismiss under Rule 12(b)(1) for plaintiff's claims

for money damages as well as his claim for slander/defamation. The court then turns to the remainder of plaintiff's claims on a summary judgment analysis.

### A. Motion to Dismiss

#### 1. Fed. R. Civ. P. (12)(b)(1)

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. § 1331; 28 U.S.C. § 1332. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Since federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction, and the party invoking jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

#### 2. Discussion

##### a. Plaintiff's claims for money damages are barred under the Eleventh Amendment and *Heck v. Humphrey.*

Here, plaintiff asks for $150,000 in damages for every year that he has been listed as a sex offender on KDOC's Kasper webpage. Doc. 5 at 8. Defendants' motion argues that the Eleventh Amendment and the *Heck* rule bar plaintiff's claims for money damages. Doc. 44 at 7; 12. The court agrees with defendants. The Eleventh Amendment bars federal courts from awarding money damages on official capacity claims against a state officer. *See, e.g.*, *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) ("[T]he Eleventh Amendment bars federal court jurisdiction over . . . a state official acting in her official capacity in a suit for

damages . . . ."); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (holding that Eleventh Amendment barred § 1983 claims against state prison officials sued in their official capacities). The Eleventh Amendment thus bars plaintiff's request for money damages against defendants in their official capacities.

Also, plaintiff's claim for money damages based on his status as a sex offender is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a § 1983 plaintiff cannot recover damages based on a conviction or sentence that hasn't been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 487. The Complaint in this case never alleges that plaintiff's Aggravated Sexual Battery conviction in Kansas has been invalidated. Under the *Heck* rule, a claim based on a conviction that has not been invalidated is not cognizable under § 1983. *Id.* This rule thus bars plaintiff's claims for money damages based on his Aggravated Sexual Battery conviction.

### b. The Eleventh Amendment bars plaintiff's slander/defamation claim.

Plaintiff claims that defendants have permitted "slander and defamation" against him because he is listed as a sex offender on KDOC's Kasper webpage. Doc. 5 at 4. Allegations of slander or defamation are state law claims. *See Howard v. Douglas Cty. Jail*, No. 09–3085–SAC, 2009 WL 1504733, at *4 (D. Kan. May 28, 2009); *Fajri v. Corr. Corp. of Am.*, No. 03–3202–SAC, 2007 WL 594726, at *2 (D. Kan. Feb. 20, 2007); *Newman v. Ade*, No. 06–3179–SAC, 2006 WL 1933804, at *1 (D. Kan. July 13, 2006). The Eleventh Amendment prohibits federal courts from considering state law claims asserted against state officials in their official capacity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs

state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."). The court thus dismisses plaintiff's slander/defamation claims asserted against defendants in their official capacities.[7]

## B. Motion for Summary Judgment

Defendants move for summary judgment against the remainder of plaintiff's claims. For the reasons explained below, the court grants defendants' motion (Doc. 43).

### 1. Uncontroverted Facts

The following facts are taken from the Complaint or the *Martinez* report[8] and are uncontroverted for purposes of defendants' summary judgment motion.[9]

---

[7]     To the extent plaintiff brings this claim against defendants in their individual capacities, the court declines to exercise supplemental jurisdiction over it. A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III . . . ." 28 U.S.C. § 1367. But a court may decline to exercise supplemental jurisdiction where "'it has dismissed all claims over which it has original jurisdiction.'" *Heublein v. Wefald*, 784 F. Supp. 2d 1186, 1200 (D. Kan. 2011) (quoting 28 U.S.C. § 1367). Since this Memorandum and Order dismisses all of plaintiff's federal law claims, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

[8]     A *Martinez* report is "a court-authorized investigation and report by prison officials." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). On summary judgment, a *Martinez* report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Id.* at 1111. But "absent valid challenge," the *Martinez* report "may be treated as providing uncontroverted facts." *Hartz v. Sale*, 687 F. App'x 783, 785 (10th Cir. 2017).

[9]     Plaintiff never responded to defendants' motion (Doc. 43). Although plaintiff proceeds pro se, his status as a pro se litigant does not relieve him of the obligation to follow the court's rules. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (citations and internal quotation marks omitted)). Also, plaintiff knows about the federal and local rules governing summary judgment practice because defendants served him with a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment," as our local rule, D. Kan. Rule 56.1(f), requires. Doc. 46. The Notice informed plaintiff that if he "d[id] not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendant, the court may accept defendant's facts as true . . . ." D. Kan. Rule 56.1. Since plaintiff has not responded to defendants' motion, the court accepts defendants' factual statements as uncontroverted.

Plaintiff lawfully is in the custody of the Kansas Department of Corrections ("KDOC").

Doc. 5-1 at 32. He has been housed at Hutchinson Correctional Facility ("HCF") at all times

relevant to this Complaint. *Id.* at 33. In September 1995, plaintiff was charged with—and later

convicted of—Aggravated Sexual Battery. Doc. 5 at 2. Plaintiff currently is serving prison time

for convictions on counts of Aggravated Robbery, Aggravated Kidnapping, Possession of a

Firearm by a Felon, Aggravated Burglary, and Aggravated Sexual Battery. Doc. 5-1 at 32.

KDOC manages plaintiff as a sex offender under IMPP 11-115A. Doc. 23-8 at 1. As pertinent

here, IMPP 11-115A[10] provides:

> (a) Persons below the age of 18 who are members of the offender's immediate family (as defined by IMPP 10-113A) shall be permitted visits, telephone contact, mail contact or email contact with incarcerated sex offenders only through the override process.
>
>> (1) Visits with persons below the age of 18, when approved by an override, shall be conducted consistent with K.A.R. 44-7-104, IMPP 10-111 and General Orders . . .
>
> (b) A sex offender who has had a minor victim at any time may be approved for contact with a minor immediate family member (as defined by IMPP 10-113A), who is not the sex offender's victim, only after further review.
>
>> (1) Such review may be requested through an override request, which identifies the minor, the caretaker (with contact information for the caretaker), clarifies the minor is not the sex offender's victim, and states whether the sex offender has successfully completed sex offender treatment.
>
>> (2) After the review process, the sex offender can be approved for visits or other contact . . . .

Doc. 23-17 at 6–7. KDOC revised IMPP 11-115A in September 2016. Doc. 23-4 at 1 (¶ 2).

The revised policy removes the condition that an inmate complete sex offender treatment before

seeking an override. *Id.* Inmates may request an override at any time before, during, or after

---

[10]    IMPP (Internal Management Policy and Procedure) 11-115A is KDOC's policy on sex offender treatment, management, and supervision. Doc. 23-17 at 2.

treatment.  *Id.*  Plaintiff requested a sex offender override for contact visits with minor family members in 2004, 2017, and 2018.  Doc. 23-10 at 1–4; Doc. 23-12; Doc. 23-13 at 1–2.  KDOC granted all three requests.  *Id.*  Plaintiff also has requested an override of his sex offender status four times (2003, 2004, 2008, and 2017).  Doc. 23-9 at 1–3; Doc. 23-10 at 1–4; Doc. 23-11 at 1–10; Doc. 23-12 at 1; Doc. 23-13 at 1–2.  KDOC denied all four of those requests.  Doc. 23-9 at 1; Doc. 23-10 at 1–2; Doc. 23-11 at 1; Doc. 23-12 at 1.  Plaintiff never alleges that he disputed any of the decisions denying his requests for an override by filing a grievance or appeal.  Doc. 5; Doc. 23 at 12.

## 2. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that "no genuine dispute" exists about "any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  When it applies this standard, the court views the evidence and draws inferences in the light most favorable to the non-moving party.  *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010).  "An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue."  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense."  *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law."  *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citing *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)).  To meet this burden, the moving party "need not negate the non-movant's claim, but need only point to an absence of evidence to

support the non-movant's claim." *Id.* (citing *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party satisfies its initial burden, the non-moving party "may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial [on] those dispositive matters for which it carries the burden of proof." *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 248–49. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 670 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992)). The *Martinez* report is part of the summary judgment record, and absent valid challenge, may be treated as providing uncontroverted facts. *Hartz*, 687 F. App'x at 785.

Summary judgment is not a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327. Instead, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1).

### 3. Discussion

Defendants seek summary judgment against the remainder of plaintiff's claims. They provide several independent reasons supporting their motion. The court addresses each reason, in turn, below.

> **a. Plaintiff's procedural due process claim fails because a sex offense conviction may be used for classification purposes.**

The Complaint alleges defendants have violated plaintiff's due process rights by classifying him as a sex offender based on his Kansas Aggravated Sexual Battery conviction. Doc. 5 at 5. Defendants' motion argues that plaintiff has received all the process he is due, so

KDOC can rely on his conviction to classify him as a sex offender. Doc. 44 at 8–9. The court agrees with defendants, and grants summary judgment against plaintiff's procedural due process claim.

"When a prisoner has previously been convicted of a sex offense, the conviction can be used for classification if due process was afforded in the prior criminal case." *Amin v. Voigtsberger*, 560 F. App'x 780, 783 (10th Cir. 2014) (citation omitted); *see also Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237 (10th Cir. 2000) (holding that prison's classification of inmate as sex offender based on allegations which "have never been tested . . . requires some procedural scrutiny."). Here, plaintiff was convicted of one count of Aggravated Sexual Battery in a trial in Kansas state court. Doc. 23-25 at 2–4. He appealed to the Kansas Court of Appeals, and it upheld his conviction. *Id.* The Complaint never alleges that the Kansas state court proceeding failed to afford him due process. Plaintiff does not allege, as in *Chambers*, that KDOC classified him as a sex offender based on mere allegations. 205 F.3d at 1242. He alleges only that the underlying facts of his conviction do not warrant sex offender classification.[11]

Under *Amin*'s holding, this allegation is insufficient as a matter of law to support a procedural due process claim. The court thus grants summary judgment against plaintiff's claim.

---

[11] The Complaint alleges that plaintiff was convicted on a foreseeability theory, and that plaintiff's codefendant "touched the victim in a sexual manner unbeknownst to plaintiff and outside plaintiff's presence." Doc. 5 at 2. The Complaint asserts that labeling plaintiff as a sex offender based on this conviction "deprived [him] of [c]onstitutional [f]reedoms without due process." *Id.* at 5.

But the undisputed facts nullify plaintiff's conclusory assertions. Those facts establish that plaintiff received a trial and an appeal. Certainly, plaintiff may disagree with the results of those proceedings, but he cannot plausibly claim he was denied due process.

**b. Plaintiff's denial of familial association claim is moot, and he otherwise has failed to identify any unreasonable restriction on his right to contact visits with minor family members.**

Count I of plaintiff's Complaint alleges that defendants "revok[ed] intimate association with minor family members without due process." Doc. 5 at 3. Plaintiff asserts that he "was allowed to seek an override to allow communication and visits" with his two biological grandchildren, but not other minor family members. *Id.* at 6. Defendants argue that plaintiff's claim is moot because KDOC granted plaintiff contact with minor family members in 2004, 2017, and 2018. Doc. 44 at 9; *see* Doc. 23-10 at 1–4; Doc. 23-12; Doc. 23-13 at 1–2. To the extent KDOC has granted plaintiff's requests for contact visits with minor family members, the court agrees that plaintiff's claim is moot. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'") (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

To the extent KDOC has denied plaintiff contact with minor family members, the court also grants summary judgment against plaintiff's claim. The Constitution "allows prison officials to impose reasonable restrictions upon visitation." *Wirsching v. Colorado*, 360 F.3d 1191, 1198 (10th Cir. 2004). In *Wirsching*, a prisoner—who was a convicted sex offender and refused to comply with his treatment program—challenged the state prison's decision to deny visitation with his child. *Id.* at 1193. The Circuit found a rational connection between the prison's policy of denying child visitation and legitimate governmental interests. *Id.* at 1200. The prison thus did not violate the prisoner's constitutional rights when it refused to allow visits between a convicted sex offender (who had refused to comply with his treatment program) and his child. *Id.* at 1201.

Here, the Complaint never alleges defendants imposed an unreasonable restriction on plaintiff's ability for visitation with his family. KDOC manages plaintiff as a sex offender under its sex offender policy, IMPP 11-115A. Under this policy, plaintiff may seek an override for contact visits with minor family members at any time. In fact, plaintiff has sought—and KDOC has granted—an override permitting contact visits in 2004, 2017, and 2018. Under *Wirsching*, prisons may impose reasonable restrictions on an inmate's contact visits, such as requiring an inmate to complete a sex offender treatment program. KDOC's restrictions on plaintiff are more lenient than those applied in *Wirsching* (*i.e.*, KDOC permits a sex offender to request an override at any time). The Complaint fails to identify any unreasonable restriction or denial of plaintiff's ability to have contact visits. The court thus grants summary judgment against plaintiff's familial association claim.

### c. Plaintiff's individual capacity claims fail because the statute of limitations has expired.

Next, defendants' motion argues that the statute of limitations for § 1983 actions bars plaintiff's claims against defendants in their individual capacities. KDOC first denied plaintiff's request for a "Sex Offender Override" on March 14, 2003. Doc. 23-9 at 1. Defendants argue that the statute of limitations began accruing when it denied plaintiff's request and since has expired before plaintiff asserted his claims. The court agrees.

"A hodgepodge of state and federal law governs the timeliness of claims under 42 U.S.C. § 1983." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). The statute of limitations for a § 1983 action is "drawn from the personal-injury statute of the state in which the federal district court sits." *Id.* In Kansas, the statute of limitations for personal injury actions is two years. Kan. Stat. Ann. § 60-513(a)(4). Federal law determines when a § 1983 claim accrues. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). Under federal law, a § 1983

cause of action accrues "when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citation and internal quotation marks omitted). A plaintiff has a complete and present cause of action when he "'knows or has reason to know of the injury which is the basis of his action.'" *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)).

Here, plaintiff knew of his injury, *i.e.*, his status as a sex offender, in 2003 when KDOC denied his override request. Under Kansas law, he had two years to bring a § 1983 claim based on that decision. Plaintiff filed his lawsuit January 25, 2018—some fifteen years after he had a "complete and present cause of action." *Wallace*, 549 U.S. at 388. So, the statute of limitations on plaintiff's individual capacity claims based on his sex offender status has expired. *See Romero v. Lander*, 461 F. App'x 661, 668 (10th Cir. 2012) (holding that prisoner "knew or should have known of the alleged constitutional violations giving rise to his claims" when he was first classified as a sex offender). The court thus grants summary judgment against plaintiff's individual capacity claims.

## VI. Conclusion

The court grants defendants' Motion to Dismiss, or alternatively, Motion for Summary Judgement (Doc. 43). The court denies as moot defendants' Motion to Stay Discovery (Doc. 45) plaintiff's Motion to Recuse (Doc. 38). And, exercising its discretion, the court denies plaintiff's Motion for Reconsideration (Doc. 41) and Motion Seeking Joinder to Add Defendant (Doc. 59) Finally, the court denies plaintiff's Motion for Correction of Judicial Notice and Request for Leave (Doc. 58).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss, or alternatively, for Summary Judgment (Doc. 43) is granted, as explained in this Order.

**IT IS FURTHER ORDERED THAT** defendants' Motion to Stay Discovery (Doc. 45) and plaintiff's Motion to Recuse (Doc. 38) are denied as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Reconsideration (Doc. 41), Motion for Correction of Judicial Notice and Request for Leave (Doc. 58), and Motion for Joinder (Doc. 59) are denied.

**IT IS SO ORDERED.**

**Dated this 15th day of January, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
