# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KEVIN D. LOGGINS, SR.,**

    **Plaintiff,**

**v.**

**JOSEPH NORWOOD, et al.,**

    **Defendants.**

Case No. 18-3016-DDC-KGG

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. On January 15, 2020, the court granted defendants' Motion to Dismiss and Motion for Summary Judgment, and denied plaintiff's Motion to Recuse, Motion for Reconsideration, Motion for Correction of Judicial Notice and Motion Seeking Joinder to Add Defendant (Doc. 61). On January 22, 2020, plaintiff filed a Notice of Appeal (Doc. 63). Also, plaintiff filed a Motion for Leave to Appeal *in forma pauperis* (Doc. 67). On March 4, 2020, the court granted plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. 69).

Defendants now ask the court to reconsider its Memorandum and Order granting plaintiff's Motion for Leave to Appeal *in forma pauperis*. Defendants have filed a Motion to Reconsider (Doc. 70) that asserts plaintiff is a three-strikes litigant who is prohibited from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). After reviewing the information submitted with defendants' motion, the court agrees that plaintiff is a three-strikes litigant. Thus, the court grants defendants' Motion to Reconsider (Doc. 70), and it vacates its Memorandum and Order granting plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. 69). Also, the court denies plaintiff's request for leave to appeal *in forma pauperis*.

**I. Discussion**

D. Kan. Rule 7.3(b) permits a party to file a motion to reconsider based on: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error to prevent manifest injustice." D. Kan. Rule 7.3(b). Here, defendants assert that it was "clear error" for the district court to grant plaintiff's Motion for Leave to Appeal *in forma pauperis* because he is a three-strikes litigant who is prohibited from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Doc. 70 at 4. Thus, defendants ask the court to grant their Motion to Reconsider, vacate the Memorandum and Order granting plaintiff leave to appeal *in forma pauperis*, and issue an order denying plaintiff leave to appeal *in forma pauperis*.

Section 1915(g) of the Prison Litigation Reform Act ("PLRA") operates "to revoke, with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." *Skinner v. Switzer*, 562 U.S. 521, 535 (2011) (citing 28 U.S.C. §1915(g)). The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, defendants correctly have identified four cases that qualify as strikes against plaintiff under § 1915(g). They are: (1) *In re Loggins*, No. 11-3096 (10th Cir. Apr. 8, 2011) (dismissing mandamus petition as frivolous);[1] (2) *Loggins v. Sedgwick Cty, Sheriff's Dep't*, No. 11-3079-SAC (D. Kan. July 20, 2011) (dismissing action for failing to show cause why the court

---

[1] "[P]etitions for mandamus qualify as 'civil actions' under § 1915(g)." *In re Washington*, 122 F.3d 1345, 1345 (10th Cir. 1997) (citing *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996)).

should not dismiss the case for failing to state a claim and assessing a strike); (3) *Loggins v. Pilshaw*, No. 18-3254-DDC (D. Kan. Jan. 15, 2020) (dismissing § 1983 case for failing to state a claim);[2] and (4) *Loggins v. Norwood*, No. 18-3016-DDC (D. Kan. Jan. 15, 2020) (dismissing § 1983 case, in part, as barred under *Heck v. Humphrey*).[3]

As a consequence, plaintiff is a three-strikes litigant under the PLRA. And, he may proceed *in forma pauperis* only if he establishes he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's Motion for Leave to Appeal *in forma pauperis* presents no claim that plaintiff is in danger of serious physical injury, as 28 U.S.C. § 1915(g) requires, to avoid applying the three-strikes rule. *See generally* Docs. 67, 68. Thus, the court concludes that § 1915(g) prohibits plaintiff from proceeding *in forma pauperis* on appeal.

Based on this conclusion, the court agrees with defendants that it committed clear error when it granted plaintiff's Motion for Leave to Appeal *in forma pauperis*. The court thus grants defendants' Motion to Reconsider, vacates its March 4, 2020 Memorandum and Order granting plaintiff's Motion for Leave to Appeal *in forma pauperis*, and denies plaintiff's request for leave to appeal *in forma pauperis*. *See, e.g.*, *Benavides v. Federal Bureau of Prisons*, No. 10-0062 (RWR), 2010 WL 2574104, at *2 (D.C. Cir. June 18, 2010) (vacating order granting *in forma pauperis* and revoking plaintiff's *in forma pauperis* status because he was a three-strikes litigant); *Holt v. Norwood*, No. 18-3284-SAC, 2019 WL 6894670, at *2 (D. Kan. Dec. 18, 2019)

---

[2] Plaintiff has filed a Notice of Appeal in this case, but the district court's dismissal still counts as a strike. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.").

[3] A dismissal under *Heck v. Humphrey* constitutes a strike. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1311–12 (10th Cir. 2011). Also, a dismissal of a case, in part, for failing to state a claim counts as a strike even if judgment is granted against plaintiff on other claims. *See Thomas v. Parker*, 672 F.3d 1182, 1184 (10th Cir. 2012) (assessing a strike based on "the district court's partial dismissal of two counts for failure to state a claim" in an order that also granted summary judgment against other claims).

(vacating an order granting plaintiff leave to proceed *in forma pauperis* because he was a three-strikes litigant, prohibiting plaintiff from proceeding *in forma pauperis*, and ordering plaintiff to pay the filing fee).

## II. Conclusion

For reasons explained, the court grants defendants' Motion to Reconsider (Doc. 70), vacates its March 4, 2020 Memorandum and Order (Doc. 69), and denies plaintiff's request for leave to appeal *in forma pauperis.*

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion for Reconsideration (Doc. 70) is granted.

**IT IS FURTHER ORDERED THAT** the court's March 4, 2020 Memorandum and Order (Doc. 69) is vacated.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. 67) is denied.

Copies of this Order shall be transmitted to plaintiff and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

**Dated this 12th day of March, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**