IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN D. LOGGINS, SR.,

    Plaintiff,

v.

JOSEPH NORWOOD, et al.,

    Defendants.

Case No. 18-3016-DDC-KGG

## MEMORANDUM AND ORDER

On February 22, 2020, plaintiff Kevin D. Loggins, Sr. filed a motion for leave to appeal *in forma pauperis* (Doc. 67). The court granted his motion (Doc. 69). Defendants Joseph Norwood, Shannon Meyer, and Dan Schnurr then asked the court to reconsider its Memorandum and Order, asserting that plaintiff is a three-strikes litigant who is prohibited from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Doc. 70 at 1. The court agreed with defendants. Plaintiff is a three-strikes litigant. Doc. 72 at 1. The court thus granted defendants' Motion for Reconsideration (Doc. 70) and vacated its Memorandum and Order granting plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. 69). Doc. 72. Plaintiff now has filed a Motion for Reconsideration (Doc. 74).

Plaintiff's Motion asks the court to reconsider its Memorandum and Order denying him permission to proceed with his appeal *in forma pauperis*. Doc. 74 at 2. Plaintiff asserts that the three-strikes rule applies only to litigants who previously have proceeded *in forma pauperis* three times. *Id.* Plaintiff asserts that he paid the filing fee in one case that has counted as a strike, and partially paid the filing fee in another. *Id.* Consequently, plaintiff asserts, the court should grant him leave to appeal *in forma pauperis*. *Id.*

The court is unpersuaded. "Section 1915(g) precludes *in forma pauperis* status for indigent inmates seeking to proceed in a civil action if, on three prior occasions, the litigant has had a case dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted." *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (citing 28 U.S.C. § 1915(g)). Section 1915(g) doesn't distinguish between litigants who have filed their earlier cases *in forma pauperis* and those who haven't. *Burghart v. Corr. Corp. of Am.*, 350 F. App'x 278, 279 (10th Cir. 2009) (rejecting the same argument plaintiff makes here, because Congress enacted Section 1915(g) to curtail abusive prisoner litigation, and preventing a prisoner who has paid filing fees in past frivolous lawsuits from proceeding *in forma pauperis* will serve this interest). And, to the extent plaintiff challenges the constitutionality of § 1915(g), his argument fails because the Tenth Circuit already has upheld its constitutionality. *Id.* (holding that "[t]his circuit has already upheld the constitutionality of § 1915(g) against due process, equal protection, and access to the courts challenges").

Also, plaintiff seeks 30 days to brief the issue, asserting that the court never considered a response from plaintiff when it granted defendants' Motion for Reconsideration (Doc. 70). Doc. 74 at 1–2. D. Kan. Rule 6.1(d)(1) provides that, unless otherwise ordered by the court, responses to non-dispositive motions are due within 14 days. The court may rule before the expiration of the 14-day deadline. *See Schell v. OXY USA, Inc.*, No. 07-1258-JTM, 2013 WL 2897042, at *1 (D. Kan. June 13, 2013) (holding that court did not err in granting motion before litigant could respond, because "Rule 6.1 prefaces the time allowance with the phrase "'[u]nless the court orders otherwise . . . .' In this case, the court clearly ordered otherwise.") (quoting D. Kan. Rule 6.1(d)).

The court thus denies plaintiff's Motion for Reconsideration (Doc. 74). And, consistent with the court's March 12, 2020 Order, plaintiff is directed to pay the remainder of his $505 appellate filing fee if he wishes to proceed with his appeal (Doc. 73).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Reconsideration (Doc. 74) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff must pay the remainder of his $505 appellate filing fee to the Clerk of U.S. District Court if he wishes to proceed with his appeal, consistent with the court's March 12, 2020 Order.

**IT IS SO ORDERED.**

**Dated this 30th day of March, 2020, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**